**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____

Chapter you are filing under:

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**12/15**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **CHICAGOLAND THEATER COMPANY, INC.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | **DBA  Fox Valley Repertory** <br> **FDBA  Noble Fool Theatricals** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **56-2479474** |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** <br><br> **4051 East Main Street** <br> **Saint Charles, IL 60174** <br> Number, Street, City, State & ZIP Code <br><br> **Kane** <br> County | **Mailing address, if different from principal place of business** <br><br> **906 Viewpointe** <br> **Saint Charles, IL 60174** <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br><br> ☐ Partnership <br><br> ☐ Other. Specify: _____ |

Debtor   **CHICAGOLAND THEATER COMPANY, INC.**                                     Case number (*if known*) _____
         Name

**7.** **Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53AB))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

■ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80a-3)

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.naics.com/search/.

_____

**8.** **Under which chapter of the Bankruptcy Code is the Debtor filing?**   *Check one:*

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operation, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| Debtor _____ | | Relationship to you _____ |
| District _____ | When _____ | Case number, if known _____ |

Debtor    **CHICAGOLAND THEATER COMPANY, INC.**                    Case number (*if known*) _____
          Name

---

**11. Why is the case filed in** *this district*?

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

        Contact name _____

        Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    .    *Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49            ☐ 1,000-5,000        ☐ 25,001-50,000
■ 50-99           ☐ 5001-10,000        ☐ 50,001-100,000
☐ 100-199         ☐ 10,001-25,000      ☐ More than100,000
☐ 200-999

---

**15. Estimated Assets**

■ $0 - $50,000              ☐ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000       ☐ $10,000,001 - $50  million     ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000      ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million    ☐ $100,000,001 - $500 million    ☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0 - $50,000             ☐ $1,000,001 - $10 million       ☐ $500,000,001 - $1 billion
■ $50,001 - $100,000       ☐ $10,000,001 - $50  million     ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000      ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million    ☐ $100,000,001 - $500 million    ☐ More than $50 billion

---

| Debtor | CHICAGOLAND THEATER COMPANY, INC. | Case number (*if known*) |
|--------|-----------------------------------|--------------------------|
| | Name | |

## Request for Relief, Declaration, and Signature

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **January 13, 2016**
                    MM / DD / YYYY

**X** **/s/ Katherine Cornell** _____
Signature of authorized representative of debtor

Title    **Secretary** _____

**Katherine Cornell** _____
Printed name

**18. Signature of attorney**

**X** **/s/ David R. Brown** _____
Signature of attorney for debtor

Date **January 13, 2016**
       MM / DD / YYYY

**David R. Brown**
Printed name

**Springer Brown, LLC**
Firm name

**400 S. County Farm Road**
**Suite 330**
**Wheaton, IL 60187**
Number, Street, City, State & ZIP Code

Contact phone    **630-510-0000**       Email address _____

Bar number and State

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **CHICAGOLAND THEATER COMPANY, INC.** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __January 13, 2016__    X /s/ Katherine Cornell
_____
Signature of individual signing on behalf of debtor

**Katherine Cornell**
Printed name

**Secretary**
Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name    **CHICAGOLAND THEATER COMPANY, INC.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    **12/15**

| Part 1: | Summary of Assets |
|---|---|

1.    ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B*.................................................................................    $                **0.00**

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B*..............................................................................    $            **2,241.82**

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B*................................................................................    $            **2,241.82**

| Part 2: | Summary of Liabilities |
|---|---|

2.    ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*...................    $                **0.00**

3.    ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 6a of *Schedule E/F*.....................................................    $            **23,249.74**

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 6b of *Schedule E/F*..............................    +$            **75,159.56**

4.    **Total liabilities** ......................................................................................................................
    Lines 2 + 3a + 3b    |    $            **98,409.30**

**Fill in this information to identify the case:**

Debtor name  **CHICAGOLAND THEATER COMPANY, INC.**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an amended filing

# Official Form 206A/B
# Schedule A/B: Assets - Real and Personal Property                12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
| --- | --- |

1. **Does the debtor have any cash or cash equivalents?**

☐ No.  Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
| --- | --- | --- | --- |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| --- | --- | --- | --- | --- |
| 3.1.. | **checking account**<br>**Last 4 digits of Acc# : 6575**<br>**Fifth Third Bank** | **checking account** | **6575** | **$241.82** |
| 3.2.. | **checking**<br>**Last 4 digits of Acc# : 6583**<br>**Fifth Third Bank** | **checking** | **6583** | **$0.00** |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| $241.82 |
| --- |

| Part 2: | Deposits and Prepayments |
| --- | --- |

6. **Does the debtor have any deposits or prepayments?**

☑ No.  Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
| --- | --- |

10. **Does the debtor have any accounts receivable?**

☐ No.  Go to Part 4.
☑ Yes Fill in the information below.

11. **Accounts receivable**

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| Debtor | **CHICAGOLAND THEATER COMPANY, INC.** | Case number *(If known)* | |
| | Name | | |

| 11a. 90 days old or less: | **1,238.38** | - | **1,238.38** | = .... | **$0.00** |
| | face amount | | doubtful or uncollectible accounts | | |

| 12. | **Total of Part 3.** | **$0.00** |
| | Current value on lines 11a + 11b = line 12.  Copy the total to line 82. | |

<div style="background:black;color:white">**Part 4:**</div>     **Investments**

**13. Does the debtor own any investments?**

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

<div style="background:black;color:white">**Part 5:**</div>     **Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

<div style="background:black;color:white">**Part 6:**</div>     **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

<div style="background:black;color:white">**Part 7:**</div>     **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. | **Office furniture** | | | |
| 40. | **Office fixtures** | | | |
| 41. | **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | computer, desk, fling cabinets | **$0.00** | Replacement | **$1,000.00** |

| 42. | **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

| 43. | **Total of Part 7.** | **$1,000.00** |
| | Add lines 39 through 42.  Copy the total to line 86. | |

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
   ■ No
   ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
   ■ No

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

Debtor    **CHICAGOLAND THEATER COMPANY, INC.**                              Case number *(If known)* _____
_____
Name

☐ Yes

| **Part 8:** | **Machinery, equipment, and vehicles** |

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No.  Go to Part 9.
■ Yes Fill in the information below.

| **General description**<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest**<br>(Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
| --- | --- | --- | --- |
| **47.**  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| **48.**  **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors,<br>floating homes, personal watercraft, and fishing vessels | | | |
| **49.**  **Aircraft and accessories** | | | |
| **50.**  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| stuff | $1,000.00 | Replacement | $1,000.00 |

**51.**  **Total of Part 8.**                                                                              | $1,000.00 |
Add lines 47 through 50.  Copy the total to line 87.

**52.**  **Is a depreciation schedule available for any of the property listed in Part 8?**
■ No
☐ Yes

**53.**  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
■ No
☐ Yes

| **Part 9:** | **Real property** |

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

| **Part 10:** | **Intangibles and intellectual property** |

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

| **Part 11:** | **All other assets** |

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

**Current value of debtor's interest**

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                              Best Case Bankruptcy

Debtor    **CHICAGOLAND THEATER COMPANY, INC.**                        Case number *(If known)* _____
_____
Name

71.    **Notes receivable**
Description (include name of obligor)

72.    **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73.    **Interests in insurance policies or annuities**
**Fire insurance policy with Mesirow Insurance Services,**
**Inc. -  Policy #NPP1001504 02**
policy issued by First Nonprofit Insurance Company                                    **$0.00**

**Multiple Peril Policy w/ Mesirow Insurance Services,**
**Policy No. NPP1001504 01**
Policy issued by First Nonprofit Insurance Company.                                    **$0.00**

74.    **Causes of action against third parties (whether or not a lawsuit**
**has been filed)**

75.    **Other contingent and unliquidated claims or causes of action of**
**every nature, including counterclaims of the debtor and rights to**
**set off claims**

76.    **Trusts, equitable or future interests in property**

77.    **Other property of any kind not already listed** *Examples:* Season tickets,
country club membership

78.    **Total of Part 11.**                                                          **$0.00**

Add lines 71 through 77. Copy the total to line 90.

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
■ No
☐ Yes

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

Debtor    **CHICAGOLAND THEATER COMPANY, INC.**    Case number *(If known)* _____
Name

| **Part 12:** | **Summary** |

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $241.82 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $1,000.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $1,000.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*..........................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $2,241.82 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $2,241.82 |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name   **CHICAGOLAND THEATER COMPANY, INC.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

   ■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☐ Yes. Fill in all of the information below.

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com       Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name   **CHICAGOLAND THEATER COMPANY, INC.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2
in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

■ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with
priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | Total claim | Priority amount |
|---|---|---|---|

**2.1**

Priority creditor's name and mailing address

**Anthony P. Ingram**
**5955 N. Winthrop**
**Unit 3E**
**Chicago, IL 60660**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Total claim **$625.00**   $ **625.00**

Date or dates debt was incurred

Basis for the claim:
**Production design services**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY unsecured claim:
11 U.S.C. § 507(a) (4)

**2.2**

Priority creditor's name and mailing address

**Austin Wood**
**3218 Sonoma Court**
**DeKalb, IL 60115**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Total claim **$411.39**   $ **411.39**

Date or dates debt was incurred

Basis for the claim:
**production design services**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Debtor    **CHICAGOLAND THEATER COMPANY, INC.**    Case number (if known) _____

Name

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (4)

---

| 2.3 | |
|---|---|

**Priority creditor's name and mailing address**
**Brigitte A. Ditmars**
**4329 N. Elston Avenue**
**Chicago, IL 60618**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$375.00   $ 375.00

**Date or dates debt was incurred**

**Basis for the claim:**
**Production director services**

**Last 4 digits of account number**

**Is the claim subject to offset?**
■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (4)

---

| 2.4 | |
|---|---|

**Priority creditor's name and mailing address**
**Carol Rose**
**1930 N Harlem**
**Unit 704**
**Elmwood Park, IL 60707**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$200.00   $ 200.00

**Date or dates debt was incurred**

**Basis for the claim:**
**Instructor**

**Last 4 digits of account number**

**Is the claim subject to offset?**
■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (4)

---

| 2.5 | |
|---|---|

**Priority creditor's name and mailing address**
**Dan P. Conley**
**363 Glen Leven Court**
**Schaumburg, IL 60194**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$1,500.00   $ 1,500.00

**Date or dates debt was incurred**

**Basis for the claim:**
**Production design services**

**Last 4 digits of account number**

**Is the claim subject to offset?**
■ No
☐ Yes

---

Debtor   **CHICAGOLAND THEATER COMPANY, INC.**
_____    Case number (if known) _____
Name

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (4)

---

**2.6**

| | |
|---|---|
| **Priority creditor's name and mailing address** | |

**Eric Van Tassell**
**1010 Kerr Ave.**
**Apt. 101**
**Urbana, IL 61802**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$312.50   $ 312.50

**Date or dates debt was incurred**

**Basis for the claim:**
**Production design services**

**Last 4 digits of account number**

Is the claim subject to offset?
■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (4)

---

**2.7**

**Priority creditor's name and mailing address**

**Ian Zywica**
**3356 N. Central Park Ave.**
**Unit 2**
**Chicago, IL 60618**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$416.28   $ 416.28

**Date or dates debt was incurred**

**Basis for the claim:**
**Production design services**

**Last 4 digits of account number**

Is the claim subject to offset?
■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (4)

---

**2.8**

**Priority creditor's name and mailing address**

**Jeffrey Poindexter**
**854 W St. John's Place**
**Palatine, IL 60067**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$625.00   $ 625.00

**Date or dates debt was incurred**

**Basis for the claim:**
**Production music director**

**Last 4 digits of account number**

Is the claim subject to offset?
■ No
☐ Yes

---

| Debtor | **CHICAGOLAND THEATER COMPANY, INC.** | | Case number *(if known)* | |
| --- | --- | --- | --- | --- |
| | Name | | | |

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (4)

---

| 2.9 | | | | |

**Priority creditor's name and mailing address**

**John Gawlik**
**5525 N. Winthrop**
**Apt. 317**
**Chicago, IL 60640**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$1,115.87    $ 1,115.87

**Date or dates debt was incurred**

**Basis for the claim:**
**teaching fees/expense reimbursement**

**Last 4 digits of account number**

**Is the claim subject to offset?**
■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (4)

---

| 2.10 | | | | |

**Priority creditor's name and mailing address**

**Julie E. Ballard**
**6037 N. Paulina St.**
**Apt. 2A**
**Chicago, IL 60660**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$312.50    $ 312.50

**Date or dates debt was incurred**

**Basis for the claim:**
**production design services**

**Last 4 digits of account number**

**Is the claim subject to offset?**
■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (4)

---

| 2.11 | | | | |

**Priority creditor's name and mailing address**

**Kimberly Morris**
**5031 N. Harding Ave.**
**Apt. 3E**
**Chicago, IL 60625**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$1,395.20    $ 1,395.20

**Date or dates debt was incurred**

**Basis for the claim:**
**costumer reimbursements, costume design services**

**Last 4 digits of account number**

**Is the claim subject to offset?**
■ No
☐ Yes

---

| Debtor | **CHICAGOLAND THEATER COMPANY, INC.** | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

Specify Code subsection of PRIORITY
unsecured claim:
11 U.S.C. § 507(a) (<u>4</u>)

---

**2.12**

**Priority creditor's name and mailing address**

**Kyle T. Donahue**
**1276 Herrington Road**
**Geneva, IL 60134**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$1,500.00    $ 1,500.00

**Date or dates debt was incurred**

**Basis for the claim:**
**production director**

**Last 4 digits of account number**

**Is the claim subject to offset?**
■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (<u>4</u>)

---

**2.13**

**Priority creditor's name and mailing address**

**Marly S. Wooster**
**101 Northfield Drive**
**Unit C-7**
**Normal, IL 61761**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$312.50    $ 312.50

**Date or dates debt was incurred**

**Basis for the claim:**
**Production design**

**Last 4 digits of account number**

**Is the claim subject to offset?**
■ No
☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) (<u>4</u>)

---

**2.14**

**Priority creditor's name and mailing address**

**Megan Truscott**
**1321 W. Henderson Street**
**Suite 1F**
**Chicago, IL 60657**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$750.00    $ 750.00

**Date or dates debt was incurred**

**Basis for the claim:**
**Production designer**

**Last 4 digits of account number**

**Is the claim subject to offset?**
■ No
☐ Yes

---

Debtor   **CHICAGOLAND THEATER COMPANY, INC.**
_____   Case number (if known) _____
Name

**Specify Code subsection of PRIORITY
unsecured claim:**
11 U.S.C. § 507(a) (4)

---

| 2.15 | | | | |

**Priority creditor's name and mailing
address**
**Michael Moran**
**18001 Hood Ave**
**Homewood, IL 60430**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$725.00   $ 725.00

**Date or dates debt was incurred**

**Basis for the claim:**
**Production designer**

**Last 4 digits of account
number**

**Is the claim subject to offset?**
■ No
☐ Yes

**Specify Code subsection of PRIORITY
unsecured claim:**
11 U.S.C. § 507(a) (4)

---

| 2.16 | | | | |

**Priority creditor's name and mailing
address**
**Patrick Stinson**
**2232 Collins Road**
**Oswego, IL 60543**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$2,000.00   $ 2,000.00

**Date or dates debt was incurred**

**Basis for the claim:**
**Production designer**

**Last 4 digits of account
number**

**Is the claim subject to offset?**
■ No
☐ Yes

**Specify Code subsection of PRIORITY
unsecured claim:**
11 U.S.C. § 507(a) (4)

---

| 2.17 | | | | |

**Priority creditor's name and mailing
address**
**Rachel Whiteside**
**4 N 572 Campton Crossings
Drive**
**Saint Charles, IL 60175**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

$375.00   $ 375.00

**Date or dates debt was incurred**

**Basis for the claim:**
**teacher fees**

**Last 4 digits of account
number**

**Is the claim subject to offset?**
■ No
☐ Yes

---

Debtor    **CHICAGOLAND THEATER COMPANY, INC.**    Case number (if known) _____
Name

Specify Code subsection of PRIORITY
unsecured claim:
11 U.S.C. § 507(a) (4)

---

| 2.18 | | | |
|---|---|---|---|

Priority creditor's name and mailing address
**Sean Jaster**
**1404 Club Drive**
**Glendale Heights, IL 60139**

As of the petition filing date, the claim is:        $300.00   $ 300.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**production designer**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim:
11 U.S.C. § 507(a) (4)

---

| 2.19 | | | |
|---|---|---|---|

Priority creditor's name and mailing address
**Tracy Whiteside**
**4 N 572 Campton Crossings Drive**
**Saint Charles, IL 60175**

As of the petition filing date, the claim is:        $9,673.50   $ 9,673.50
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**instructor/education manager fees**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

Specify Code subsection of PRIORITY
unsecured claim:
11 U.S.C. § 507(a) (4)

---

| 2.20 | | | |
|---|---|---|---|

Priority creditor's name and mailing address
**Zachary Page Johnson**
**392 Prairie Knoll Drive**
**Naperville, IL 60565**

As of the petition filing date, the claim is:        $325.00   $ 325.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Date or dates debt was incurred

Basis for the claim:
**Production designer**

Last 4 digits of account number

Is the claim subject to offset?
■ No
☐ Yes

---

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com

Debtor    **CHICAGOLAND THEATER COMPANY, INC.**

Name

Case number (if known)

Specify Code subsection of PRIORITY
unsecured claim:
11 U.S.C. § 507(a) (4)

---

**Part 2:    List All Creditors with NONPRIORITY Unsecured Claims**

3.    List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

| | | |
|---|---|---|
| **3.1** | Nonpriority creditor's name and mailing address | **$6,263.00** |
| | **American Lodging Corporation**<br>**1600 E Main Street**<br>**Suite B**<br>**Saint Charles, IL 60174** | |

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:    office rent

Date or dates debt was incurred    **April - July 2015**

Is the claim subject to offset?

Last 4 digits of account number

■ No
☐ Yes

---

| | | |
|---|---|---|
| **3.2** | Nonpriority creditor's name and mailing address | **$247.64** |
| | **ASCAP**<br>**P.O. Box 331608-7515**<br>**Nashville, TN 37203** | |

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:    music licensing fees

Date or dates debt was incurred

Is the claim subject to offset?

Last 4 digits of account number

■ No
☐ Yes

---

| | | |
|---|---|---|
| **3.3** | Nonpriority creditor's name and mailing address | **$254.80** |
| | **BFC**<br>**1051 N. Kirk Road**<br>**Batavia, IL 60510** | |

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:    printing

Date or dates debt was incurred

Is the claim subject to offset?

Last 4 digits of account number

■ No
☐ Yes

---

| | | |
|---|---|---|
| **3.4** | Nonpriority creditor's name and mailing address | **$360.00** |

As of the petition filing date, the claim is:

---

Debtor   **CHICAGOLAND THEATER COMPANY, INC.**                     Case number (if known) _____
_____
Name

**Chicago Sailing**                          Check all that apply.
**3161 N. Elston**                           ☐ Contingent
**Chicago, IL 60618**                        ☐ Unliquidated
                                             ☐ Disputed

_____      Basis for the claim:   rental space fee
                                             _____

Date or dates debt was incurred  _____   Is the claim subject to offset?

                                             ■ No
Last 4 digits of account number  _____   ☐ Yes

---

| 3.5 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: | $1,368.07 |

**Chicago Spotlight, Inc.**                  Check all that apply.
**1658 West Carroll Street**                 ☐ Contingent
**Chicago, IL 60612**                        ☐ Unliquidated
                                             ☐ Disputed

_____      Basis for the claim:   equipment rental
                                             _____

Date or dates debt was incurred  _____   Is the claim subject to offset?

                                             ■ No
Last 4 digits of account number  _____   ☐ Yes

---

| 3.6 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: | $291.25 |

**Chicago Tribune Co.**                      Check all that apply.
**435 N Michigan Ave**                       ☐ Contingent
**Chicago, IL 60611**                        ☐ Unliquidated
                                             ☐ Disputed

_____      Basis for the claim:   advertising
                                             _____

Date or dates debt was incurred  _____   Is the claim subject to offset?

                                             ■ No
Last 4 digits of account number  _____   ☐ Yes

---

| 3.7 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: | $4,500.00 |

**City Publications**                        Check all that apply.
**1 N 051 Timothy Lane**                     ☐ Contingent
**Carol Stream, IL 60188**                   ☐ Unliquidated
                                             ☐ Disputed

_____      Basis for the claim:   advertising
                                             _____

Date or dates debt was incurred  _____   Is the claim subject to offset?

                                             ■ No
Last 4 digits of account number  _____   ☐ Yes

---

Debtor  **CHICAGOLAND THEATER COMPANY, INC.**
_____ Case number *(if known)* _____
Name

---

**3.8**

**Nonpriority creditor's name and mailing address**

**Cody Westgaard**
**3723 N Whipple**
**Unit 1**
**Chicago, IL 60618**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**$30.34**

**Basis for the claim:**  expense reimbursement

Date or dates debt was incurred  _____

Last 4 digits of account number  _____

**Is the claim subject to offset?**
■ No
☐ Yes

---

**3.9**

**Nonpriority creditor's name and mailing address**

**Colleen Tovar**
**901 W. Cromer**
**Muncie, IN 47303**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**$43.81**

**Basis for the claim:**  expense reimbursement

Date or dates debt was incurred  _____

Last 4 digits of account number  _____

**Is the claim subject to offset?**
■ No
☐ Yes

---

**3.10**

**Nonpriority creditor's name and mailing address**

**Dramatic Publishing**
**311 Washington Street**
**Woodstock, IL 60098**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**$5,000.95**

**Basis for the claim:**  royalties

Date or dates debt was incurred  _____

Last 4 digits of account number  _____

**Is the claim subject to offset?**
■ No
☐ Yes

---

**3.11**

**Nonpriority creditor's name and mailing address**

**GACC**
**1225 Franklin Avenue**
**Suite 325**
**Garden City, NY 11530**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**$750.66**

**Basis for the claim:**  royalties

Date or dates debt was incurred  _____

Last 4 digits of account number  _____

**Is the claim subject to offset?**
■ No
☐ Yes

---

| Debtor | **CHICAGOLAND THEATER COMPANY, INC.** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**3.12**

| Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $264.00 |
|---|---|---|
| **IASTE National Health and Welfare F** | Check all that apply. | |
| **111 North Wabash Ave** | ☐ Contingent | |
| **Suite 2107** | ☐ Unliquidated | |
| **Chicago, IL 60602** | ☐ Disputed | |

Basis for the claim:   union contributions

| Date or dates debt was incurred | Is the claim subject to offset? |
|---|---|
| | ■ No |
| Last 4 digits of account number | ☐ Yes |

---

**3.13**

| Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $3,250.00 |
|---|---|---|
| **Illinois Press Advertising Services** | Check all that apply. | |
| **900 Community Drive** | ☐ Contingent | |
| **Springfield, IL 62703** | ☐ Unliquidated | |
| | ☐ Disputed | |

Basis for the claim:   advertising

| Date or dates debt was incurred | Is the claim subject to offset? |
|---|---|
| | ■ No |
| Last 4 digits of account number | ☐ Yes |

---

**3.14**

| Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $100.00 |
|---|---|---|
| **Katherine Collins** | Check all that apply. | |
| **33 Cypress Square** | ☐ Contingent | |
| **Elgin, IL 60123** | ☐ Unliquidated | |
| | ☐ Disputed | |

Basis for the claim:   travel reimbursement

| Date or dates debt was incurred | Is the claim subject to offset? |
|---|---|
| | ■ No |
| Last 4 digits of account number | ☐ Yes |

---

**3.15**

| Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | $3,000.00 |
|---|---|---|
| **Knutte & Associates, PC** | Check all that apply. | |
| **7900 S. Cass Avenue** | ☐ Contingent | |
| **Suite 210** | ☐ Unliquidated | |
| **Darien, IL 60561** | ☐ Disputed | |

Basis for the claim:

---

Debtor    **CHICAGOLAND THEATER COMPANY, INC.**    Case number *(if known)* _____

Name

| | |
|---|---|
| Date or dates debt was incurred _____ | Is the claim subject to offset? |
| | ■ No |
| Last 4 digits of account number _____ | ☐ Yes |

---

**3.16** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | **$350.00**
| **KP Licensing** | *Check all that apply.* |
| **91 Lafayette Avenue** | ☐ Contingent |
| **Geneva, NY 14456** | ☐ Unliquidated |
| | ☐ Disputed |
| _____ | |
| | **Basis for the claim:** royalties |
| | _____ |
| Date or dates debt was incurred _____ | Is the claim subject to offset? |
| | ■ No |
| Last 4 digits of account number _____ | ☐ Yes |

---

**3.17** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | **$440.00**
| **MACE** | *Check all that apply.* |
| **1770 S. Randall Road** | ☐ Contingent |
| **Suite A, Box 128** | ☐ Unliquidated |
| **Geneva, IL 60134** | ☐ Disputed |
| _____ | |
| | **Basis for the claim:** prop rentals |
| | _____ |
| Date or dates debt was incurred _____ | Is the claim subject to offset? |
| | ■ No |
| Last 4 digits of account number _____ | ☐ Yes |

---

**3.18** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | **$2,489.00**
| **MCC Technologies** | *Check all that apply.* |
| **2422 W. Main Street** | ☐ Contingent |
| **Suite 4D** | ☐ Unliquidated |
| **Saint Charles, IL 60175** | ☐ Disputed |
| _____ | |
| | **Basis for the claim:** computer/tech fees |
| | _____ |
| Date or dates debt was incurred _____ | Is the claim subject to offset? |
| | ■ No |
| Last 4 digits of account number _____ | ☐ Yes |

---

**3.19** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: | **$549.00**
| **MEDIA 63** | *Check all that apply.* |
| **3256 Karl Daly Road** | ☐ Contingent |
| **Birmingham, AL 35210** | ☐ Unliquidated |
| _____ | ☐ Disputed |

---

Debtor    **CHICAGOLAND THEATER COMPANY, INC.**                      Case number (if known) _____
_____
Name

Basis for the claim:  **marketing video**
_____

Date or dates debt was incurred    _____    Is the claim subject to offset?

Last 4 digits of account number    _____    ■ No
                                                         ☐ Yes

---

| 3.20 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: | $362.50 |

**Modus Marketing Group**
**518 S. 12th Ave.**
**Saint Charles, IL 60174**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **website maintenance**

Date or dates debt was incurred    _____    Is the claim subject to offset?

Last 4 digits of account number    _____    ■ No
                                                         ☐ Yes

---

| 3.21 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: | $907.39 |

**Music Theatre International**
**421 West 54th Street**
**New York, NY 10019**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **royalties**

Date or dates debt was incurred    _____    Is the claim subject to offset?

Last 4 digits of account number    _____    ■ No
                                                         ☐ Yes

---

| 3.22 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: | $223.84 |

**Penske Truck Leasing Co., LP**
**P.O. Box 802577**
**Chicago, IL 60680**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **truck rental**

Date or dates debt was incurred    _____    Is the claim subject to offset?

Last 4 digits of account number    _____    ■ No
                                                         ☐ Yes

---

| 3.23 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: | $6,078.67 |

**Playscripts, Inc.**
**450 Seventh Avenue**
**Suite 809**
**New York, NY 10001**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

Debtor   **CHICAGOLAND THEATER COMPANY, INC.**
Name

Case number (if known) _____

---

Basis for the claim:   **royalties**
_____

Date or dates debt was incurred   _____   Is the claim subject to offset?

Last 4 digits of account number   _____

■ No
☐ Yes

---

| 3.24 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: | $9,494.04 |

**R & H Theatricals**
**229 West 28th Street**
**New York, NY 10001**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:   **royalties**
_____

Date or dates debt was incurred   _____   Is the claim subject to offset?

Last 4 digits of account number   _____

■ No
☐ Yes

---

| 3.25 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: | $210.00 |

**Rotary Club of St. Charles**
**609 South 6th Ave.**
**Saint Charles, IL 60174**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
_____

Date or dates debt was incurred   _____   Is the claim subject to offset?

Last 4 digits of account number   _____

■ No
☐ Yes

---

| 3.26 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: | $6,402.11 |

**Samuel French, Inc.**
**45 West 25th Street**
**New York, NY 10010**

Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:   **royalties**
_____

Date or dates debt was incurred   _____   Is the claim subject to offset?

Last 4 digits of account number   _____

■ No
☐ Yes

---

| 3.27 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: | $145.08 |

---

Debtor    **CHICAGOLAND THEATER COMPANY, INC.**                                  Case number *(if known)* _____
                Name

**Sarah Burnham Claggett**                           *Check all that apply.*
**5709 W. Grover Street**                             ☐ Contingent
**Chicago, IL 60630**                                ☐ Unliquidated
                                                     ☐ Disputed

                                                     **Basis for the claim:**    **reimbursement**

Date or dates debt was incurred  _____         **Is the claim subject to offset?**
                                                     ■ No
Last 4 digits of account number  _____         ☐ Yes

---

| 3.28 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **$300.00** |

**Shaw Suburban Media**                              *Check all that apply.*
**P.O. Box 250**                                     ☐ Contingent
**Crystal Lake, IL 60039**                           ☐ Unliquidated
                                                     ☐ Disputed

                                                     **Basis for the claim:**    **advertising**

Date or dates debt was incurred  _____         **Is the claim subject to offset?**
                                                     ■ No
Last 4 digits of account number  _____         ☐ Yes

---

| 3.29 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **$298.75** |

**Signal Ensemble Theatre**                          *Check all that apply.*
**1802 W. Berenice**                                 ☐ Contingent
**Chicago, IL 60613**                                ☐ Unliquidated
                                                     ☐ Disputed

                                                     **Basis for the claim:**    **rental space fee**

Date or dates debt was incurred  _____         **Is the claim subject to offset?**
                                                     ■ No
Last 4 digits of account number  _____         ☐ Yes

---

| 3.30 | **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **$500.00** |

**St. Charles Breakfast Rotary Club**                *Check all that apply.*
**P.O. Box 927**                                     ☐ Contingent
**Saint Charles, IL 60174**                          ☐ Unliquidated
                                                     ☐ Disputed

                                                     **Basis for the claim:**

Date or dates debt was incurred  _____         **Is the claim subject to offset?**
                                                     ■ No
Last 4 digits of account number  _____         ☐ Yes

---

Debtor   **CHICAGOLAND THEATER COMPANY, INC.**

Name

Case number (if known) _____

---

| 3.31 | | |
|---|---|---|

**Nonpriority creditor's name and mailing address**

**Swing State Productions, LLC**
**P.O. Box 40477**
**Saint Paul, MN 55104**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:   **royalties**

Date or dates debt was incurred   _____

Last 4 digits of account number   _____

Is the claim subject to offset?
■ No
☐ Yes

$13,074.71

---

| 3.32 | | |
|---|---|---|

**Nonpriority creditor's name and mailing address**

**Trademan Photography**
**807 Viewpoint Drive**
**Saint Charles, IL 60174**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:   **photography service**

Date or dates debt was incurred   _____

Last 4 digits of account number   _____

Is the claim subject to offset?
■ No
☐ Yes

$277.00

---

| 3.33 | | |
|---|---|---|

**Nonpriority creditor's name and mailing address**

**United Scenic Artists Pension Fund**
**111 North Wabash Ave**
**Suite 2107**
**Chicago, IL 60602**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:   **union pension fund**

Date or dates debt was incurred   _____

Last 4 digits of account number   _____

Is the claim subject to offset?
■ No
☐ Yes

$176.00

---

| 3.34 | | |
|---|---|---|

**Nonpriority creditor's name and mailing address**

**Urban Imaging Group**
**3246 N. Elston Ave**
**Chicago, IL 60618**

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:   **printing**

Date or dates debt was incurred   _____

Last 4 digits of account number   _____

Is the claim subject to offset?
■ No
☐ Yes

$6,528.95

---

| Debtor | **CHICAGOLAND THEATER COMPANY, INC.** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.35 | | | |
|---|---|---|---|

| **Nonpriority creditor's name and mailing address** | **As of the petition filing date, the claim is:** | **$628.00** |
|---|---|---|
| **Willow Tree Awards** | Check all that apply. | |
| **749 Independence Blvd.** | ☐ Contingent | |
| **Romeoville, IL 60446** | ☐ Unliquidated | |
| | ☐ Disputed | |
| | **Basis for the claim:**   T-shirt production | |
| Date or dates debt was incurred | **Is the claim subject to offset?** | |
| Last 4 digits of account number | ■ No | |
| | ☐ Yes | |

---

## Part 3:    List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   **If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

---

## Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.  Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 23,249.74 |
| 5b. Total claims from Part 2 | 5b. + | $ | 75,159.56 |
| 5c. Total of Parts 1 and 2 Lines 5a + 5b = 5c. | 5c. | $ | 98,409.30 |

**Fill in this information to identify the case:**

Debtor name  **CHICAGOLAND THEATER COMPANY, INC.**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases
12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal   Property*
   (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1.** State what the contract or lease is for and the nature of the debtor's interest | **Chicagoland Theater Company rented its theater space from Pheasant Run Resort. It was a handshake agreement, and Pheasant Run Resort did not collect rent funds from the company. Instead, a ticket fee was added to all theater tickets sold, and Pheasant Run kept those funds as payment.** |
| State the term remaining | |
| List the contract number of any government contract _____ | **Pheasant Run Resort** |

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com                                                  Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **CHICAGOLAND THEATER COMPANY, INC.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| | *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|---|
| | **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 | | Street | | ☐ D ☐ E/F ☐ G |
| | | City    State    Zip Code | | |
| 2.2 | | Street | | ☐ D ☐ E/F ☐ G |
| | | City    State    Zip Code | | |
| 2.3 | | Street | | ☐ D ☐ E/F ☐ G |
| | | City    State    Zip Code | | |
| 2.4 | | Street | | ☐ D ☐ E/F ☐ G |
| | | City    State    Zip Code | | |

**Fill in this information to identify the case:**

Debtor name    **CHICAGOLAND THEATER COMPANY, INC.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy                    12/15

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

**Part 1:    Income**

1. **Gross revenue from business**

   ☐ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
   |---|---|---|
   | **For prior year:** From **1/01/2015** to **12/31/2015** | ☐ Operating a business ■ Other **sales** | **$601,368.38** |
   | **For year before that:** From **1/01/2014** to **12/31/2014** | ☐ Operating a business ■ Other **sales** | **$878,441.00** |
   | **For the fiscal year:** From **1/01/2013** to **12/31/2013** | ☐ Operating a business ■ Other **sales** | **$947,442.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
   |---|---|---|

**Part 2:    List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,225. (This amount may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,225. (This amount

Debtor    **CHICAGOLAND THEATER COMPANY, INC.**    Case number *(if known)* _____

may be adjusted on 4/01/16 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **Tracy Whiteside v. Chicagoland Theater Company** | **small claims suit for 1099 wages earned but not paid** | **Crcuit Court of DuPage County 505 S. County Farm Road Wheaton, IL 60187** | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None.

Debtor   **CHICAGOLAND THEATER COMPANY, INC.**                    Case number *(if known)* _____

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

| **Part 6:** | **Certain Payments or Transfers** |
|---|---|

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Springer Brown, LLC**<br>**400 S. County Farm Road**<br>**Suite 330**<br>**Wheaton, IL 60187** | **Attorney Fees** | **12/17/15** | **$3,500.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor? | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| | Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | **various** | **After debtor ceased operations in October 2015, Debtor sold some theater inventory to various parties (lighting and sound equipment). Eleven purchasers bought items - nobody paid more than $2,730. An itemized list is available upon request.** | **October through December, 2015** | **$15,755.75** |
| | Relationship to debtor | | | |

| **Part 7:** | **Previous Locations** |
|---|---|

**14. Previous addresses**

Debtor   **CHICAGOLAND THEATER COMPANY, INC.**      Case number *(if known)* _____

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---------|---------------------------|
|         |                           |

| Part 8: | Health Care Bankruptcies |
|---------|--------------------------|

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---------------------------|----------------------------------------------------------------------------------|--------------------------------------------------------------------------|
|                           |                                                                                  |                                                                          |

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17.** Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|----------|-------------------------------------------------------------------|

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|----------------------------------------|---------------------------------|-------------------------------|------------------------------------------------------|------------------------------------------|
|                                        |                                 |                               |                                                      |                                          |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|-----------------------------------------|-------------------------------------------|-----------------------------|-----------------------|
|                                         |                                           |                             |                       |

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor    **CHICAGOLAND THEATER COMPANY, INC.**                           Case number *(if known)* _____

---

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

---

**Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own**

---

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:    Details About Environment Information**

---

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ■ No.
    ☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

    ■ No.
    ☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

---

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number Do not include Social Security number or ITIN. Dates business existed |
|---|---|---|

---

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor   **CHICAGOLAND THEATER COMPANY, INC.**                      Case number *(if known)* _____

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.   **Colleen Tovar**<br>**901 W.  Cromer**<br>**Muncie, IN 47303** | **Managing Director**<br>**from 2006-2015** |
| 26a.2.   **Bill Cain**<br>**1600 E. Main Street**<br>**Suite B**<br>**Saint Charles, IL 60174** | **bookkeeper from**<br>**2009 to present** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.   **Audra Sybert**<br>**655 Wooley Road**<br>**Oswego, IL 60543** | **former Marketing Manager** |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Katherine Cornell | 678 Forest Avenue<br>Glen Ellyn | Board Member/Secretary | n/a |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Andrea Krueger | 905 Viewpointe Drive<br>St. Charles, IL | Board Member/Treasurer | n/a |

Debtor   **CHICAGOLAND THEATER COMPANY, INC.**                                           Case number *(if known)* _____

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Susan Carlton | 4061 Pheasant Ct.<br>ST. Charles, IL | Board member | |

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Kevin Hewitt | 1909 Jeanette Ave.<br>St. Charles, IL | Board member | |

29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No
☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Debbie Hammes | 2002 Red Oak Lane<br>St Charles, IL | Board member | 2011 to 7/2015 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Jeff Meyer | unknown (moved to Florida) | Board member/President | 2010 - 9/2015 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

Debtor      **CHICAGOLAND THEATER COMPANY, INC.**                    Case number *(if known)* _____

---

**Part 14:**   Signature and Declaration

   **WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

   I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

   I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **January 13, 2016**

**/s/ Katherine Cornell**                              **Katherine Cornell**
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor      **Secretary**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

■ No
☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re **CHICAGOLAND THEATER COMPANY, INC.**
_____  Case No. _____
Debtor(s)                        Chapter **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $ 3,500.00 |
| Prior to the filing of this statement I have received | $ 3,500.00 |
| Balance Due | $ 0.00 |

2. $ **335.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**January 13, 2016**
_Date_

/s/ **David R. Brown**
**David R. Brown**
_Signature of Attorney_
**Springer Brown, LLC**
**400 S. County Farm Road**
**Suite 330**
**Wheaton, IL 60187**
**630-510-0000   Fax: 630-510-0004**
_Name of law firm_

---

**Springer Brown, LLC**
**Chapter 7**
**Advance Retainer Agreement**

Chicagoland Theater Company, Inc., the undersigned, hereinafter referred to as "Client", agrees to employ Springer Brown, LLC, hereinafter referred to as "Attorney," to render legal services in connection with filing a Chapter 7 bankruptcy for Client, and hereby empowers and authorizes Attorney to do all things, in their sole discretion, reasonably necessary to bring the matter to a successful conclusion. Client acknowledges that the following advance payment retainer agreement has been fully explained, and Client agrees to pay said fees and costs in consideration of legal services rendered or to be rendered.

Client agrees to pay Attorney a fee of $3,500.00 for the services set forth below. In addition, Client agrees to pay all costs, including the filing fee for the bankruptcy ($335.00).

**RETAINER**

This retainer agreement is an advance payment retainer agreement. The funds Client has agreed to pay Attorney shall be deposited in the Springer Brown, LLC. General Operating Account and ownership of said funds shall pass to Springer Brown, LLC immediately upon payment. The special purpose for this advance payment retainer is to allow Client to retain Attorney to represent him against creditors. Client understands that it is advantageous to treat this retainer as an advance payment retainer in that it protects the funds paid to Attorney from the claims of his creditors.

Alternatively, as our client, it is your option to have your money placed into a security retainer. If this retainer were treated as a security retainer said funds would remain the property of Client and therefore subject to the claims of the Client's creditors. The choice of the type of retainer to be used is yours alone.

Client agrees that should Client decide not to file bankruptcy or not to continue using Attorney's services, Attorney may charge against any retainer paid the amount of $350.00 per hour for all services rendered to date, plus actual costs incurred.

**SCOPE OF REPRESENTATION**

**Basic Services**: It is understood that the above referenced flat fee is payment for services rendered and services to be performed. The services include: review of financial status; review of various documents related to debts and obligations; specific advice regarding how to avoid bankruptcy and alternatives to bankruptcy; counseling as to various types of bankruptcy chapters; available exemptions; effect of reaffirmations of debts, redemption, avoiding liens and surrendering property; complete drafting of all required bankruptcy documents; revision and redraft of final bankruptcy documents; attending creditors' meeting, responding to requests for additional information, enforcement of the Automatic Stay, and closing the file.

**Additional Services:** Client acknowledges that additional attorney's fees will be required should additional representation become necessary, including, but not limited to, any Bankruptcy Rule 2004 examinations, any adversary proceedings, or any other action, hearing or representation that is not specified in the preceding paragraph of this agreement. Said additional representation shall be covered by a separate legal services agreement and will require an additional retainer.

## CLIENT OBLIGATIONS

Client agrees to cooperate in the preparation of the bankruptcy case, to appear for the creditors' meeting, depositions and court appearances and to comply with all reasonable requests made in preparation of this bankruptcy case. Failure to cooperate may result in Court-imposed sanctions and Attorney's withdrawal from the case.

Client understands that it will receive copies of all documents related to the file. Client should retain those documents. Should Client require additional copies of the Attorney's file, Client understands that it will be charged for those copies.

Client understands that its file shall be kept no more than five years. Should Client require copies of any documents or the return of original documents provided to Attorney it must request those copies in writing before the expiration of that five-year period.

Client understands that it is the Client's responsibility to provide Attorney with a complete and accurate list of creditors and other information requested on Attorney's Questionnaire. If Client fails to provide Attorney with all information necessary to prepare the necessary documents and said failure necessitates the amending of the schedules or Statement of Financial Affairs, Client agrees to pay an additional $100.00 to cover the fees and costs of said amendment.

## ADDITIONAL PROVISIONS

The fees charged in connection with this bankruptcy and for bankruptcy issues only. They do not included resolution of any matters involving credit reporting or information.

It is agreed that upon the event of any default or breach of any kind under this agreement by Client, Attorney reserves the right to withdraw as counsel of record for Client. It is further agreed that Client shall not have any recourse or claim against Attorney for damages following the withdrawal of Attorney as Client's counsel. **All representation of Client by Attorney shall be concluded by the closing of Client's bankruptcy case.**

2

In some cases it may be necessary to hire an attorney outside Attorney's firm.  This attorney will be paid out of the retainer paid to Attorney.  Client expressly consents to the hiring of an outside attorney to cover court dates as needed.

This constitutes the entire agreement between the Attorney and Clients regarding attorneys' fees and/or services provided in the engagement, the parties agree to resolve that dispute through mediation, followed by arbitration before any suit is filed.

**Attorney is a debt relief agency and helps people file for relief under the Bankruptcy Code.**

By Client's signature below, Client acknowledges understanding the terms of this agreement and agrees to abide by its provisions.  Client has received a copy of this agreement for his records no later than five business days after the first date on which the Attorney provided any bankruptcy assistance services to client.

Dated: _12/17/15_

Chicagoland Theater Company, Inc.          Springer Brown, LLC

By _Katherine L. Cornell_          By _____

Its:                                              Member of the Firm

# United States Bankruptcy Court
## Northern District of Illinois

In re   **CHICAGOLAND THEATER COMPANY, INC.**

Debtor(s)

Case No.

Chapter   **7**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                                    **56**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **January 13, 2016**

**/s/ Katherine Cornell**
**Katherine Cornell**/**Secretary**
Signer/Title

American Lodging Corporation
1600 E Main Street
Suite B
Saint Charles, IL 60174


Anthony P. Ingram
5955 N. Winthrop
Unit 3E
Chicago, IL 60660


ASCAP
P.O. Box 331608-7515
Nashville, TN 37203


Austin Wood
3218 Sonoma Court
DeKalb, IL 60115


BFC
1051 N. Kirk Road
Batavia, IL 60510


Brigitte A. Ditmars
4329 N. Elston Avenue
Chicago, IL 60618


Carol Rose
1930 N Harlem
Unit 704
Elmwood Park, IL 60707


Chicago Sailing
3161 N. Elston
Chicago, IL 60618


Chicago Spotlight, Inc.
1658 West Carroll Street
Chicago, IL 60612


Chicago Tribune Co.
435 N Michigan Ave
Chicago, IL 60611

City Publications
1 N 051 Timothy Lane
Carol Stream, IL 60188


Cody Westgaard
3723 N Whipple
Unit 1
Chicago, IL 60618


Colleen Tovar
901 W. Cromer
Muncie, IN 47303


Dan P. Conley
363 Glen Leven Court
Schaumburg, IL 60194


Dramatic Publishing
311 Washington Street
Woodstock, IL 60098


Eric Van Tassell
1010 Kerr Ave.
Apt. 101
Urbana, IL 61802


GACC
1225 Franklin Avenue
Suite 325
Garden City, NY 11530


Ian Zywica
3356 N. Central Park Ave.
Unit 2
Chicago, IL 60618


IASTE National Health and Welfare F
111 North Wabash Ave
Suite 2107
Chicago, IL 60602


Illinois Press Advertising Services
900 Community Drive
Springfield, IL 62703

Jeffrey Poindexter
854 W St. John's Place
Palatine, IL 60067

John Gawlik
5525 N. Winthrop
Apt. 317
Chicago, IL 60640

Julie E. Ballard
6037 N. Paulina St.
Apt. 2A
Chicago, IL 60660

Katherine Collins
33 Cypress Square
Elgin, IL 60123

Kimberly Morris
5031 N. Harding Ave.
Apt. 3E
Chicago, IL 60625

Knutte & Associates, PC
7900 S. Cass Avenue
Suite 210
Darien, IL 60561

KP Licensing
91 Lafayette Avenue
Geneva, NY 14456

Kyle T. Donahue
1276 Herrington Road
Geneva, IL 60134

MACE
1770 S. Randall Road
Suite A, Box 128
Geneva, IL 60134

Marly S. Wooster
101 Northfield Drive
Unit C-7
Normal, IL 61761

MCC Technologies
2422 W. Main Street
Suite 4D
Saint Charles, IL 60175


MEDIA 63
3256 Karl Daly Road
Birmingham, AL 35210


Megan Truscott
1321 W. Henderson Street
Suite 1F
Chicago, IL 60657


Michael Moran
18001 Hood Ave
Homewood, IL 60430


Modus Marketing Group
518 S. 12th Ave.
Saint Charles, IL 60174


Music Theatre International
421 West 54th Street
New York, NY 10019


Patrick Stinson
2232 Collins Road
Oswego, IL 60543


Penske Truck Leasing Co., LP
P.O. Box 802577
Chicago, IL 60680


Pheasant Run Resort


Playscripts, Inc.
450 Seventh Avenue
Suite 809
New York, NY 10001


R & H Theatricals
229 West 28th Street
New York, NY 10001

Rachel Whiteside
4 N 572 Campton Crossings Drive
Saint Charles, IL 60175


Rotary Club of St. Charles
609 South 6th Ave.
Saint Charles, IL 60174


Samuel French, Inc.
45 West 25th Street
New York, NY 10010


Sarah Burnham Claggett
5709 W. Grover Street
Chicago, IL 60630


Sean Jaster
1404 Club Drive
Glendale Heights, IL 60139


Shaw Suburban Media
P.O. Box 250
Crystal Lake, IL 60039


Signal Ensemble Theatre
1802 W. Berenice
Chicago, IL 60613


St. Charles Breakfast Rotary Club
P.O. Box 927
Saint Charles, IL 60174


Swing State Productions, LLC
P.O. Box 40477
Saint Paul, MN 55104


Tracy Whiteside
4 N 572 Campton Crossings Drive
Saint Charles, IL 60175


Trademan Photography
807 Viewpoint Drive
Saint Charles, IL 60174

United Scenic Artists Pension Fund
111 North Wabash Ave
Suite 2107
Chicago, IL 60602


Urban Imaging Group
3246 N. Elston Ave
Chicago, IL 60618


Willow Tree Awards
749 Independence Blvd.
Romeoville, IL 60446


Zachary Page Johnson
392 Prairie Knoll Drive
Naperville, IL 60565

# United States Bankruptcy Court
## Northern District of Illinois

In re   **CHICAGOLAND THEATER COMPANY, INC.**

Debtor(s)

Case No.

Chapter   **7**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **CHICAGOLAND THEATER COMPANY, INC.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**January 13, 2016**

Date

**/s/ David R. Brown**

**David R. Brown**

Signature of Attorney or Litigant

Counsel for   **CHICAGOLAND THEATER COMPANY, INC.**

**Springer Brown, LLC**
**400 S. County Farm Road**
**Suite 330**
**Wheaton, IL 60187**
**630-510-0000 Fax:630-510-0004**